IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHICAGO TITLE INSURANCE COMPANY**, as assignee of **WASHINGTON MUTUAL BANK**     Plaintiff, v. **GERALD LLOYD PROSCH,**     Defendant. | ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 08-00204-CG-C** |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for summary judgment. (Doc. 50). After review of the pleadings and defendant's non-response, the court finds that plaintiff's motion is due to be granted and that plaintiff is entitled to judgment in the amount of $84,975.95 plus interest, fees and costs.

## FACTS

Plaintiff filed this action seeking damages arising from mortgage transactions that occurred in 2002 and 2003. Plaintiff alleges in its amended complaint that defendant, Gerald Lloyd Prosch, was the owner of a piece of property encumbered by a note and mortgage executed by Prosch in favor of Colonial Bank. In April 2002, Prosch agreed to sell the property to an individual known as Lawanda Mathews. Mathews was to enter into a note and mortgage with Worthington Mortgage Group, Inc. and certain sums from the loan were to be used to satisfy the Colonial Mortgage. Mathews entered into the note and mortgage; however, the funds were allegedly paid to Prosch and were not used to satisfy the Colonial Bank mortgage. On or about October 18, 2003, Mathews refinanced the Worthington Mortgage with Washington Mutual Bank. In February 2008, Colonial Bank foreclosed on its mortgage and Washington

Mutual's interest was allegedly impaired. Washington Mutual then pursued and recovered $84,975.95[1] on its title insurance policy with plaintiff, Chicago Title Insurance Company. Plaintiff's complaint asserts seven counts against defendant, Gerald Lloyd Prosch: I) unjust enrichment, II) equitable subrogation, III) constructive trust, IV) breach of statutory warranty of title, V) breach of express warranty of title, VI) negligence, VII) wantonness, and VIII) indemnity.[2] (Amended Complaint, Doc. 29).

Plaintiff moved for summary judgment[3] on July 2, 2009, seeking judgement in its favor on all claims and an award in the amount of $84,975.95 plus fees and costs.(Docs. 50-52). Any party opposing the motion was ordered to file a response in opposition on or before August 17, 2009. (Doc. 53). To date, no opposition has been filed.

## LAW

**II. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] The complaint states that the amount paid was $88,553.87. (Doc. 29, ¶¶ 10, 11). However, the later filed summary judgment motion only seeks recovery for and asserts that Chicago Title paid $84,975.95. (Doc. 51, p. 4).

[2] The original complaint also asserted claims against Guarantee Title Company, L.L.C. However, plaintiff stipulated to dismissal of those claims and Guarantee Title was thereafter dismissed from this action. (See Docs.1, 20, 24).

[3] Plaintiff's motion actually sought default judgment, enforcement of settlement, or in the alternative, summary judgment. (Doc. 50). However, the court construed the motion as one for summary judgment and ordered plaintiff to file its suggested determination of undisputed facts and conclusions of law and plaintiff complied. (Docs. 53, 55).

moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not

relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiff's motion, the court after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, the motion of Chicago Title Insurance Company for summary judgment (Doc. 50) is **GRANTED** and judgment will be entered against defendant, Gerald Lloyd Prosch, and in favor of plaintiff, Chicago Title Insurance Company, in the amount of **$84,975.95 plus interest, fees and costs**.

Plaintiff is **ORDERED** to file, on or before **September 11, 2009**, an accounting of the interest, fees and costs it believes it is entitled to in this action so that a final judgment can be entered.

**DONE and ORDERED** this 27th day of August, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE